314-0598 People of the State of Illinois, Appellee by Richard Leonard v. Kevin Martin, Appellant by Brian Kohut Good morning Mr. Kohut. Thank you your honor. May it please the court. Good morning your honors, counsel. My name is Brian Kohut. I'm an assistant appellate defender with the office of the state appellate defender. I represent Mr. Kevin Martin, the criminal defendant in this case. Following the proceedings that the parties described as a stipulated bench trial, Mr. Martin was found guilty of four counts of child pornography and sentenced to a total of 26 years imprisonment. On appeal before this court, he raises one issue. He argues that the stipulated bench trial was tantamount to a guilty plea and he was not properly admonished in accordance with Supreme Court Rule 402. First, your honors, Mr. Martin's stipulated bench trial was tantamount to a guilty plea. Although there was a pretrial motion to express evidence, the issue was never raised again. And the warrant which was the subject of the motion, of the pretrial motion, was never filed with the circuit court. Therefore, there was no issue preserved for review. The state has conceded that Mr. Martin's stipulated bench trial was tantamount to a guilty plea. Where stipulated bench trials tantamount to a guilty plea, the circuit court must give the admonishments under Supreme Court Rule 402. You know, I have a problem with the argument where you're really saying that subsection 3 is the one that wasn't complied with and that's the one that says you have a right to persist in your plea of not guilty. Is that correct? That's correct, your honor. And he in fact persisted in his plea of not guilty in a stipulated bench trial, did he not? Well, the purpose of Rule 402, your honor, is so that a criminal defendant knows the rights that he's waiving. He understands the admonishments and knows the rights that he's waiving. He didn't waive his right to plea not guilty. He pled not guilty in a stipulated bench trial. But this stipulated bench trial was tantamount to a guilty plea. So he did in fact waive his right to persist in his plea of not guilty. You see why I'm in sort of wonderment. It's sort of like a catch-22. Here the person's not pleading guilty. He's going to a bench trial with stipulated evidence. He's found guilty. And the one error that you, and of course all you need is substantial compliance. You need to comply with substantial compliance with this rule. And so the one error that you suggest that's made is the one dealing with you have a right to persist in your plea of not guilty. You know, before the person says I plead guilty. Well, this person didn't plead guilty. He went to a stipulated bench trial. So he persisted in his plea of not guilty throughout this whole affair. And that's what you claim to be the error. And I do understand your concerns, Your Honor. But what he was doing, he was entering what everybody calls stipulated bench trial. But what he was in fact doing was pleading guilty. So he was waiving his right to persist in his plea of not guilty. Now the 402 admonishments. Well, see, that's the other question I have. There's an obvious reason why we have stipulated bench trials. Absolutely. And why is that? That's to preserve a pretrial issue for appellate review. So it's not a guilty plea, is it? It is tantamount to a guilty plea where you don't preserve anything that it is really. It's a guilty plea. That's all that it is. And the Supreme Court has required 402 admonishments. And the 402 admonishments, they apply to guilty pleas. And that's why you give them when it's tantamount to a guilty plea. And there was compliance except for this one section about, you know, pleading. I agree with you, Your Honor. Yeah. Did this person ever plead guilty? In the past? No, I'm talking about he went through a stipulated bench trial. So did he plead guilty? He persisted in not pleading guilty. He did not know he was pleading guilty, but what he in fact did was plead guilty. There's nothing, there's no issue preserved for review. He's waived all his non-jurisdictional issues. The parties, they proceeded as if this was a guilty plea. They filed a motion to withdraw guilty plea to 604D compliance. What he in fact did here, Your Honor, was plead guilty. And when he's not told that he has the right to persist in his plea of not guilty, he cannot knowingly, he can't waive that right when he's never told what his right is. In other words, Your Honor, he thinks that he's proceeding by way of a stipulated bench trial when in fact he's pleading guilty. He's told that he has the right to persist in that plea of not guilty. He was told by this trial judge, if I remember correctly, that if you stipulate to this evidence, then you'll be found guilty. Essentially, he said, in all likelihood, you're going to be found guilty. But there's a difference between knowing that you're going to be found guilty, knowing that you're probably going to be found guilty after a stipulated bench trial, than pleading guilty. Most stipulated bench trials, the defendant understands that they're going to be found guilty. They're preserving this pretrial motion in order to bring it forth to this court. Here, this pretrial motion was not preserved. He has nothing, there's nothing he can do. It's, in actuality, it's a guilty plea. He can't preserve, he has not, he has failed to preserve this issue. I can't argue the suppression motion before this court. There's nothing there. In all reality, this is a guilty plea, Your Honor. That's why he needs to be told that he's waiving his right to persist in his plea of not guilty because what he's in fact doing is going to kill him. He never changed his plea from not guilty to guilty. He never changed the plea. Mr. Martin never said, I plead guilty. That's correct, Your Honor. But what this is, in actuality, it is a change of his plea. He's pled guilty without realizing that he's pleading guilty. That's why these admonishments are so important in this case. Mr. Pohut, would you agree that there's substantial compliance? Oh, absolutely not. Because he was not told under this subsection A3 that he had the right to persist in his plea of not guilty. The substantial compliance, you can find the substantial compliance if the record affirmatively shows that Mr. Martin understood the rights, understood the admonishments, and he knew the rights that he was waiving. He did not know he was waiving his right to persist in his plea of not guilty because his intent was to persist in that plea. He was never told that he has this right when, in fact, he's actually pleading guilty. Does that answer Your Honor's question? Yes, it does. Thank you. Yes. The circuit court, he has to tell him, in this case in particular, that he has this right to persist in this not guilty plea because what he's actually doing is pleading guilty. He has preserved nothing for review. This is a guilty plea. It's not even tantamount to a guilty plea, Your Honor. In those cases where it's tantamount to a guilty plea, what typically happens is there's a pretrial motion. They enter a stipulated bench trial and they say, we're preserving this pretrial motion for review. Then counsel says, we stipulate that the evidence is sufficient to convict. That is tantamount to a guilty plea, but it's not actually a guilty plea because that pretrial ruling was actually preserved. Here you don't have the preservation of that pretrial ruling. There's nothing here. This is a guilty plea. He's pleading guilty in exchange for the dismissal of these 27 counts, and that's it. That's all he has. So the state argues, as Your Honor suggested, that the judge told him that in all likelihood you're going to be found guilty, but that's different than actually pleading guilty. He has the right to plead not guilty and still put the facts before the court, and it's up to the court to make that decision at that point. He knows he's probably going to be found guilty, but he still wants to preserve this pretrial motion. Here that never happened. He was never able to preserve that pretrial motion. And finally, Your Honors, the state argues that this issue was forfeited. Mr. Martin points out that in his reply brief he raised the argument of a plain error. This court has to go no further than its own decision in Campbell to find that 402 compliance can be raised as plain error. Furthermore, it's placing the onus, the burden, on the defendant to make sure the trial court admonishes him appropriately. That's been an issue that's been discussed by the Illinois Supreme Court. It's been rejected as a forfeiture issue. Thank you, Your Honors. For the foregoing reasons, Mr. Martin respectfully requests that this court reverse his conviction and remand this matter for further proceedings. Thank you. Thank you, Mr. Collette. May it please the court, counsel, Justice Carter has the problem here on the head. Why would the trial judge admonish the defendant that he could persist in his plea of not guilty when he never did plead guilty? He initially pled not guilty and demanded a jury trial. Why did he continue to persist in his plea of not guilty? Because that's what a stipulated best trial is. I think it's your argument that you're agreeing to agree. Yes, I'm getting to that point here. So I agree with Justice Carter that there was no error because he was not pleading guilty. He was persisting in his plea of not guilty. And the fact that he failed to raise a viable issue in his post-conviction petition, well, that goes to ineffective assistance of counsel, which the defendant has not raised in this brief. Mr. Leonard, does the Supreme Court require the giving of 402 admonishments in this context? Yes, to get to your point, I did argue that this was tantamount to a guilty plea underneath the Supreme Court cases, and they have to give substantial compliance. The trial judge complied with all of the three of the four Rule 402A admonishments. Justice Carter stated before that the only admonishment that the trial judge did not explicitly give was his right to plead not guilty or to persist in his plea of not guilty. And is that not the critical one in this situation? Yes, but you only have to have substantial compliance. I cite the two cases in my brief. One is this Court's People v. Martin. In that case, that was just a straight guilty plea. The trial judge failed to give that one admonishment, but this Court found that the evidence in the record showed that the defendant already knew that he was persisting in his plea of not guilty or that he was changing his plea of not guilty to guilty. In this case, we have plenty of evidence likewise in Martin, even though this is a little different scenario. The record shows that the defendant initially pled not guilty and insisted in a jury trial. He was represented by counsel during the entire time. The defense counsel stated on the record that he, the trial judge, he told the trial judge that he, the defendant, and the prosecutor had some in-depth discussions, but he doesn't go into what those discussions were. The defendant stated that he was prepared to proceed on a stipulated bench trial. Well, you know, the opponent raises an issue that he claims to be disturbing in this situation. In stipulated bench trials, usually there's an issue or issues that are being preserved. And the motion to suppress or motion to strike something that there was an adverse ruling, and they don't want to plead guilty because it waived that, and so they go to the stipulated bench trial, which has been in common practice for probably over 30 years, I think. I mean, we had a situation years ago when I was the felony trial judge. Do you think that that makes a difference? The reason I'm asking that question, the typical situation where you have a stipulated bench trial is the one where there is a prior motion. But that's not the only time you have a stipulated bench trial. Sometimes you have it where a person, the client, does not want to plead guilty. Does not want to plead guilty. There have been no pretrial motions. But they don't want to go through a whole jury trial. They don't want to go through that. So they stand up there based on stipulated evidence, and that allows for whatever reason the client has, the defendant has, of not actually saying, I plead guilty, but forcing the state through stipulated evidence or sometimes through the presentation of evidence without any objections. And then to be found guilty. That's also a situation, is it not? Yes, and that's what I think the situation is here because the defendant did file a post-trial motion. I can't remember offhand what he argued in the post-trial motion. I want to say that he was not proven guilty beyond a reasonable doubt. So he did preserve a defense. So the answer to your question is I think your scenario where the defendant does not preserve his pretrial motion to suppress, he did, in fact, preserve his argument that the people failed to prove him guilty beyond a reasonable doubt. And that would be another reason for affirming the defendant's conviction here in the sentence. Mr. Leonard? Yes. I'd like to go back for a minute to substantial compliance. Yes. You have said that the trial court gave three of the four admonishments that are required by 402. Correct. You also said that you agreed that the one that he did not give was a critical one. It was one that he had to give under 402 AS. Okay. And it's the one that the defendant really had to have in order to understand from the court what his rights were with regard to the stipulated fence trial. Is that correct? Correct. So it's not substantial compliance if the court does not give the critical admonishment even if it gives all the rest of them, is it? I believe there are critical admonishments, but the Supreme Court has said that the trial judge may substantially comply with the rule if he does not give one specific one. And the two examples – I'm sorry, go ahead. But if it's the one critical one, then it can't possibly be substantial compliance. Well, they're all critical, and you can – Right, but this is the one that let the defendant know that in order to preserve his right to appeal the issues, he could persist and should persist in his not guilty plea. Yes, but we can find in the record that he knew or should have known that he was pleading guilty, and that's what substantial compliance is. Excuse me. Yes. The rule requires that the court give the admonishments. Correct. Not that his attorney may have told him something or the state's attorney may have told him something, but that the court gives the admonishments that are required by the rule. Yes. Okay, so the fact that he may or may not have understood something from earlier discussions doesn't really answer the question, does it? Well, that's where substantial compliance comes in. The Supreme Court stated that even – and this court stated in Martin, even though a trial judge does not give this critical 402A admonishment, you can still look at the record and determine whether the evidence is there that the defendant understood this admonishment. Sort of like no foul, no harm. So you're saying that it can be patched together from various trial or appearances. I'm not aware of saying this, but this court has said this. Put it together and say, well, all in all, 402C. Yes, and appellate courts do that all the time, I think, with other issues, say guilt beyond reasonable doubt. You have to look at the evidence and say, well, I guess the jury could find that. In this case, we look at – That's factual stuff, isn't it? I mean, we're talking about a bigger requirement. No, this is no bigger requirement. This is – This is a bigger requirement. Of the first scenario? Yes, the compliance one, too. It's a requirement, but this court and the Supreme Court has recognized substantial compliance, and I argued in my brief that the trial judge substantially complied because the evidence in the record shows that the defendant understood this admonishment, even though the trial judge did not explicitly give that admonishment, and that's what substantial compliance is described in the case law. I don't understand why we have to have these cases coming up here all the time when the trial courts have a bench book that tells them exactly what they're supposed to say. Yes. They don't have to make it up. They don't have to think about it. All they have to do is open the page and read it. Yes, I agree with you, and unfortunately, everybody's human and everybody makes mistakes. I've never been a trial judge, but I'm sure it's a difficult job. We're not offended. Okay. So, yes, I agree with you. Another example would be, I guess, 604D certificates. Yes, I guess the best answer I can say is we're all human. There wouldn't be appeals if people weren't human. Yes, but many appeals. The defendant has a right to appeal, and in this case, the defendant had a right to appeal, and he did appeal. However, the defendant's guilty. He told the police officer that he's been downloading child pornography about 15 years now, and he knew that other people could use or download this child pornography from his computer with this BitTorrent software on his computer. So I believe the defendant got a favorable deal here. He received 26 years in prison. He'll serve about half of that because it's day-for-day credit. He was 54 years old. He'll serve about 12 years in prison. He'll be 67 years old when he will be released. I don't see any prejudice here. The defendant pled guilty to only four counts of child pornography. Unless he's found to be sexually dangerous, or is it violent? He would be sexually dangerous, yes. If he's found to be sexually dangerous, then he goes to the Department of Human Services. Yes, and those people hardly ever get out of prison or the Department of Mental Services. In this case, the defendant was convicted on only four. So he received a favorable deal. There's no prejudice here. I think you can look and find substantial complaints in the record. Finally, I'd like to just address the waiver argument. In this case, the defendant did file a post-trial motion. He could have raised this issue because he knew the issue at that point. At that point, the trial judge could have corrected his mistake, but he failed to do that. Likewise, there was no objection. That's what the Supreme Court calls in People v. Aaron waiver, or more appropriate, forfeiture. So I would argue that the defendant forfeited this argument for those reasons. Secondly, the defendant does not raise plain-ear on appeal. The Supreme Court has said that if you fail to raise plain-ear, you can't meet your burden. In this case, the defendant has not met his burden of plain-ear because he failed to show that the evidence was closely balanced or there was a substantial defect in the trial that rendered it unfair. He simply cites the case and says, if I'm plain-ear in this case, they ought to find plain-ear in this case here. If you don't have any more questions, I guess that you affirm the defendant's convictions and sentences. Thank you, Mr. Leonard. Mr. Cowart, any more questions? Yes, Your Honor. The parties agree here that this stipulated bench trial is tantamount to a guilty plea. The parties also agree that Mr. Martin was not given the appropriate 402 admonishments. The Court missed one. And as parties have discussed and as the Court has discussed, it's a critical admonishment. The question is whether the record affirmatively shows substantial compliance with that A3 requirement. And to show substantial compliance, it's a question of whether the record shows that he understood this missed admonishment and he knew the rights he was waiving. Well, Your Honor, in this situation, there was a dialogue between the defendant and the Court before they proceeded with the stipulated bench trial, correct? There were discussions off the record. We don't know what was discussed. We don't know if the defense attorney said, you know, you can go through with this. Well, we do know these statements, that he persisted in his not guilty plea. He agreed to go ahead. I mean, he pled not guilty to, I think, 31 charges at first, and then agreed to a stipulated bench trial dealing with four charges, and he dumped the other 27, correct? Except for the part about persisting in his plea of not guilty. They never discussed that in that proceeding. In the record, the trial court admonished the defendant that he would be found guilty of the four charges if he stipulated to the evidence of those charges and asked the defendant if he understood. And there wasn't, and the defendant understood. And the defendant indicated he understood. And the judge also said it. Then the defendant, you know, the defendant pled not guilty. The trial court admonished the defendant that if the trial court found the stipulated evidence, proved the defendant guilty beyond a reasonable doubt, then the trial court would find him guilty. At no point did the defendant change his plea. The trial court acknowledged the possibility, and this was also in the record, that if the stipulated evidence did not prove the defendant guilty beyond a reasonable doubt, then the trial court would not find the defendant guilty of the charges. Right? Right. He's going back and forth and saying, well, I'm going to find you guilty, but if the evidence, I guess, conceivably I could find you not guilty, but I'm probably going to find you guilty. And he's not pleading guilty. The judge is not saying, you're pleading guilty, so I'm going to find you guilty. And that's what's critical here. He never pled guilty. There's no indication of any intention to plead guilty. Three days after the proceeding, he files a motion to withdraw his plea of no low contender. In actuality, what he did was pled guilty. That's the problem with this missed admonishment, Your Honor. He's intending all along to persist in his plea of not guilty, but he's actually pleading guilty. Is there a problem with the missed admonishment, or should we not have stipulated bench trials? Should we not have them? I think we should have them. I don't have a problem with stipulated bench trials, as long as it's performed correctly.  No, not necessarily, Your Honor. It sounds, you know, to a person who's not in the law, it might even sound goofy to say that there's a stipulated bench trial. The person never does plead guilty, but there's not substantial compliance in this case. When there's a pretrial motion, it makes all the sense in the world. Where that pretrial motion is your only possible defense. Drug cases, it happens all the time.  You enter a stipulated bench trial, you preserve the issue, and you bring it before this court. Now, I had defendants appear in front of me as a trial judge. They raised no pretrial motions. There were no motions to raise, yet they had stipulated bench trials with nothing to preserve because they did not want to stand up there and say, I plead guilty. So the state agreed to go to a stipulated bench trial. Should you not have those? I don't see what's necessarily to gain by having that unless you inform the defendant. Your Honor, unless you inform the defendant, unless you admonish him what he's waiting, what he's doing. Because all he's doing there is really, he's going to be found guilty. There's really no other, he's not preserving anything for review. He's just unwilling to plead guilty. You have to have a record of that. The reason I'm asking the question, and I hate to go back to the ancient common law, but in England, if a person refused to plead guilty or not guilty, they would take them down to the lowest parts of the prison, historically, and put weights on their chest until they said guilty or not guilty. I mean, we're not back there, are we? I don't believe so. There are people who don't want to say I'm guilty. There are people like that. Absolutely. And we don't know whether, maybe that's the case here, but we don't know that. The record does not affirmatively show that. We don't have that pretrial discussion between the defendant, his defense counsel, the state's attorney, and perhaps the judge. I don't know if the judge was involved in that pretrial discussion. Thank you. But we don't know that. And when the criminal defendant comes back three days later and says, look, I didn't want to plead guilty, he realizes, hey, guess what? You plead guilty. I didn't want to do that. That counters any notion that that's what he wanted to do in this case, Your Honor. Thank you, Your Honors. Thank you, Mr. Farr. Thank you both for your argument today. We will take this matter under advisement. Thank you. The bench is in a readiness position.